United States District Court
Southern District of Texas
**ENTERED**
May 02, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID DANIEL BARELA, | § | |
| (TDCJ # 02233820) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-21-1528 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

David Daniel Barela, a Texas state inmate in the custody of the Texas Department of Criminal Justice, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his continued confinement on a 2018 conviction for possession of a controlled substance with intent to deliver.  (Docket Entry No. 1).  The respondent answered with a motion for summary judgment, together with the state court record.  (Docket Entry No. 11).  Barela has not filed a response, and the time to do so has now expired.

**I.     Background and Procedural History**

On November 20, 2018, the 262nd District Court in Harris County sentenced Barela to four years' imprisonment after he pleaded guilty to a charge of possession of a controlled substance with intent to deliver in Cause No. 159707801010.  (Docket Entry No. 11-2, pp. 2-4).  Barela does not challenge the validity of his underlying conviction here.  Instead, he challenges an adverse decision by the Texas Board of Pardons and Paroles (BPP), which denied his release to a form of parole known as mandatory supervision in early 2020 and again in January 2021.

Texas law defines mandatory supervision as "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not

on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).  An inmate's release to mandatory supervision may be required "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a).  But an inmate may not be released to mandatory supervision if he has been convicted of an offense enumerated in Texas Government Code § 508.149(a) or if BPP determines, in its discretion, that: "(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." *Id.* at § 508.149(b).

In early 2020, BPP denied Barela release to discretionary mandatory supervision.[1]  (Docket Entry No. 1, p. 6).  The record does not show that Barela sought review of BPP's decision in any forum.

In January 2021, BPP again denied Barela release to discretionary mandatory supervision. (Docket Entry No. 11-5, pp. 4-5).  BPP's reasons for this denial included Barela's criminal history, the nature of his offense, his record of excessive substance use, his prior unsuccessful periods of supervision, indications that his good conduct time was not an accurate reflection of his potential for rehabilitation, and a determination that his release could endanger the public.  (*Id.*).  Barela sought special review of this decision through BPP, (Docket Entry Nos. 11-4, pp. 2-5), but BPP denied his request.  (Docket Entry No. 1, pp. 16-17).  Barela did not seek further review of that decision in the state courts.

---

[1]The record shows that Barela was first eligible for release to mandatory supervision as of March 28, 2020.  (Docket Entry No. 11-3, pp. 2-3).  Barela alleges that he was denied release to mandatory supervision on May 24, 2020.  (Docket Entry No. 1, pp. 6-7).  While there is no dispute that BPP denied Barela release to mandatory supervision in early 2020, no document in the record identifies the date of BPP's decision.

On May 5, 2021, Barela filed this petition for a federal writ of habeas corpus, seeking relief from BPP's decisions.  He alleges that he is entitled to immediate release on mandatory supervision because: (1) BPP violated the separation of powers doctrine by refusing to comply with the provisions of his plea agreement; (2) BPP violated the Double Jeopardy Clause of the United States Constitution by effectively forfeiting his good time credits and requiring him to serve more time than was contemplated under his plea agreement; (3) BPP unilaterally voided his binding plea agreement by refusing to release him into a Substance Abuse Treatment Program; and (4) TDCJ violated his Eighth Amendment rights by failing to provide him with proper health care, which has resulted in cruel and unusual punishment.  (Docket Entry No. 1, pp. 6-7).  He seeks his immediate release from imprisonment.  (*Id.* at 7).

The respondent argues that Barela is not entitled to federal habeas relief because his first three claims are unexhausted[2] and his fourth claim is not cognizable in a habeas petition.  (Docket Entry No. 11, pp. 5-13).

## II.     Discussion

### A.     Claims Based on Denial of Release by BPP

In his first three claims, Barela alleges that BPP violated his constitutional rights in various ways by denying him release to mandatory supervision.  But the record shows that Barela did not exhaust his state remedies before seeking relief under § 2254.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant

---

[2]The respondent also argues that Barela's first three claims are barred by the statute of limitations applicable to federal habeas petitions under 28 U.S.C. § 2244(d).  Because the portions of the state court records attached to the respondent's motion do not clearly show that Barela's petition is time-barred, the Court does not dismiss his petition on that basis.

to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . .").  This exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (cleaned up); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842.  To exhaust state remedies under § 2254(b)(1)(A), a habeas petitioner must fairly present the substance of his claim to the state courts.  *Picard,* 404 U.S. at 275-76. Exceptions exist only when there is no available State corrective process or when that state process is ineffective to protect the petitioner's rights in his particular circumstances.  *See* 28 U.S.C. § 2254(b)(1)(B).

A federal habeas petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  In Texas, claims concerning the denial of release to mandatory supervision may be raised through the state habeas corpus process.  *See Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000).  Because the state habeas process is available, the Fifth Circuit has held that a petitioner challenging an adverse BPP decision must "initially pursue his claims through habeas corpus with its attendant exhaustion requirement."  *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Barela admits that he never sought review of either of BPP's decisions to deny his release to mandatory supervision in the state courts.  (Docket Entry No. 1, p. 8).  He argues that no direct

4

appeal was available from the BPP decisions, but he fails to explain why he did not pursue his claims through the available state habeas process.  Because state habeas proceedings were and are available to Barela, he has not exhausted his available state remedies and so is not entitled to relief under § 2254 at this time.  The court dismisses Barela's first three claims as premature for lack of exhaustion.

### B.     Claim for Inadequate Health Care

In his fourth claim, Barela alleges that he is entitled to federal habeas relief because TDCJ is not providing him with proper health care, resulting in a violation of his Eighth Amendment rights.  The federal habeas corpus statute addresses different constitutional violations and provides different remedies from those provided by the federal civil rights statutes.  *See*, *e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Section 2254 governs only petitions challenging the fact or duration of a state-court judgment of conviction.  *See Hill v. McDonough,* 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.") (quoting *Muhammad v. Close,* 540 U.S. 749, 750 (2004) (per curiam)); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).   A complaint challenging the conditions of a plaintiff's confinement—rather than its fact or duration—is governed by 42 U.S.C. § 1983.  *See Hill*, 547 U.S. at 579; *Jackson*, 720 F.2d at 879.

Because Barela's fourth claim challenges the conditions of his confinement rather than its fact or duration, that claim is more properly characterized as one for relief under § 1983.  The court dismisses this claim as one alleging a claim not cognizable under § 2254.

### III.     Conclusion

The court dismisses Barela's petition for a writ of habeas corpus without prejudice because he has failed to exhaust his state remedies and has alleged a claim not cognizable in a federal habeas petition.  The court denies as moot any remaining pending motions.

Barela has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  *See* 28 U.S.C. § 2253.  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the court should issue a certificate of appealability only when the prisoner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Barela has not made the necessary showing.  Accordingly, the court denies a certificate of appealability.

SIGNED on April 29, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge